UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------x

SHIRIN YUSUBOV and MAZANTU PEYSAKHOVA,

Plaintiffs,

v.

ZOYA AB MANAGEMENT, LLC; FUBU MOBILE, INC; ALBERT BENJAMIN; and HABITAT ALLIANCE CORP.,

Defendants.
----------------------------------------------------x

**MEMORANDUM AND ORDER**
20-CV-3913 (RPK) (CLP)

RACHEL P. KOVNER, United States District Judge:

Plaintiffs Shirin Yusubov and Mazantu Peysakhova bring this action to foreclose on a mortgage. Defendants Habitat Alliance Corp.; Albert Benjamin; Zoya AB Management, LLC; and Fubu Mobile, Inc. all either have a potential ownership interest in the property or were involved in executing the mortgage. Before the Court are plaintiffs' and Habitat Alliance's cross-motions for summary judgment on plaintiffs' foreclosure claim. In the alternative of a judgment of foreclosure, plaintiffs' motion seeks a default judgment against defendants Albert Benjamin, Zoya AB Management, and Fubu Mobile in the amount of $1,549,243.33. For the reasons discussed below, plaintiffs are entitled to summary judgment on their foreclosure claim but are not entitled to an award of damages at this stage.

## BACKGROUND

### I. Factual Background

The following facts are taken from the parties' Rule 56.1 statements and relevant portions of the record and are undisputed unless otherwise noted. Defendant Albert Benjamin is the

managing member of defendant Zoya AB Management, LLC and the principal of defendant Fubu Mobile, Inc. Pls.' Rule 56.1 Statement ¶¶ 3–4 (Dkt. #38-1).

Plaintiffs' claims against Mr. Benjamin, Zoya AB Management, and Fubu Mobile—as well as their claim against Habitat Alliance—arise from the following series of loan and mortgage agreements that Mr. Benjamin executed on behalf of himself, Zoya, and Fubu Mobile:

- In March 2018, Mr. Benjamin executed and delivered a promissory note to plaintiffs in the amount of $300,000 plus interest. Pls.' Mem. of Law in Support of Their Mot. for Summ. J. ("Pls.' MSJ") (Dkt. # 38-2) Ex. B (Dkt. #38-7).

- In May 2018, Fubu Mobile executed and delivered a promissory note to plaintiffs in the amount of $150,000 plus interest. Pls.' MSJ Ex. C (Dkt. #38-8).

- A few days later in May 2018, Zoya AB Management secured both the $150,000 note and the $300,000 note by executing a mortgage of property it owns at 355 Kings Highway—specifically a condominium unit and a parking space. *See* Pls.' MSJ Ex. A (Dkt #38-6); Pls.' MSJ Ex. D ("Mortg. Agreement") (Dkt. #38-9). After Zoya AB Management executed the mortgage, plaintiffs recorded it. *Ibid.* The recorded mortgage lists a consolidated obligation in the amount of $450,000 plus interest and requires monthly payments. *Ibid.*

- In December 2019, Zoya AB Management executed and delivered a promissory note "guarant[eeing]" the mortgage. Pls.' MSJ Ex. E (Dkt. #38-10). The note specifies an obligation of $450,000 with interest. *Ibid.*

After plaintiffs recorded the May 2018 mortgage but before Zoya AB Management executed the December 2019 note, Zoya AB Management delivered a deed transferring a fifty percent interest in the mortgaged property to defendant Habitat Alliance Corp. Pls.' Rule 56.1 Statement ¶ 7. Habitat Alliance is a company owned by Asaf Yevdayev, a cousin of Mr. Benjamin. Pl.'s MSJ Ex. G ("Dep. Tr. of Asaf Yevdayev") 14:4–10, 16:18–19 (Dkt. #38-12). Habitat Alliance's deed from Zoya AB Management, which Habitat Alliance recorded, lists a sale price of zero dollars. Pls.' MSJ Ex. F (Dkt. #38-11). But according to Habitat Alliance, Zoya AB Management transferred the fifty percent interest in exchange for the cancellation of a preexisting debt of $350,000. Defs.' Rule 56.1 Counterstatement ¶ 7 (Dkt. #39-1). Regardless, plaintiffs

allege that the transfer was without their permission and that it violated the terms and conditions of the mortgage. Def.'s Mem. of Law in Supp. Its Mot. for Summ. J. ("Def.'s MSJ") (Dkt. #35-2) Ex. I ("Aff. of George Yusubov") ¶ 15 (Dkt. #38-4).

According to plaintiffs, Mr. Benjamin, Zoya AB Management, and Fubu Mobile have been in default since March 2018, when Mr. Benjamin missed his first payment on the March 2018 note. Pls.' Rule 56.1 Statement ¶ 6. Plaintiffs allege that, to date, Zoya AB Management has made only two lump-sum payments on the money it owes. *Id.* ¶ 12. As evidence of those payments, they submit records of wire transfers of $16,500 made on June 27, 2019, and of $30,000 made on February 18, 2020. Pls.' MSJ Ex. I (Dkt #38-14).

Plaintiffs claim that they sent a notice of default as well a debt-collection notice to defendants via certified mail on June 12, 2020. Pls.' Rule 56.1 Statement ¶ 9. A debt-collection notice addressed to Zoya AB Management that plaintiffs have submitted as an exhibit states that Zoya AB Management had defaulted on its loan and, accounting for interest and fees, owed $648,790.86. Pls.' MSJ Ex. H (Dkt. #38-13). It further advised that, to avoid sale of the mortgaged property, Zoya AB Management had to cure its default by July 18, 2022. *Ibid.* Habitat Alliance denies that it ever received the debt collection notice or any notice of default. Defs.' Rule 56.1 Counterstatement ¶ 9.

After over two months passed with no response to the debt-collection notice, plaintiffs filed this lawsuit, seeking under New York Real Property Actions and Proceedings Law, Section 1301 *et seq.*, to foreclose on the mortgage encumbering the property at 355 Kings Highway. *See* Compl (Dkt. #1). The initial complaint named Mr. Benjamin, Zoya AB Management, as defendants, *ibid.*, and an amended complaint filed several months later added Habitat Alliance as an additional defendant. *See* Am. Compl. (Dkt. #12).

Mr. Benjamin, Zoya AB Management, and Fubu Mobile failed to answer, and plaintiffs obtained a certificate of default against them. *See* Certification of Default (Dkt. #24). By contrast, Habitat Alliance filed a responsive pleading and has participated in the litigation. *See* Answer to Am. Compl. (Dkt. #17).

**II. The Parties' Motions**

Plaintiffs have moved for summary judgment on their foreclosure claim. They argue that there is no material dispute of fact regarding the existence of the mortgage obligation or Zoya AB Management's default. Pls.' MSJ 4–5. They further argue that the transfer of a fifty percent interest in the mortgaged property to Habitat Alliance is a voidable fraudulent conveyance or that, in the alternative, the interest is subject to the mortgage. *Id.* at 6–10. And, in the alternative to summary judgment, plaintiffs have moved for default judgment against Mr. Benjamin, Zoya AB Management, and Fubu Mobile. *Id.* at 2. In moving for default judgment, plaintiffs argue that the record provides an adequate basis for finding those defendants liable in the amount of $1,549,243.33. *Id.* at 11.

Habitat Alliance cross-moves for summary judgment on plaintiffs' foreclosure claim against it. Habitat Alliance denies the existence of a valid mortgage obligation, arguing that because there is no bond, note, or obligation for $450,000 bearing the same date as the recorded mortgage, no underlying obligation exists. Def.'s MSJ 4. In opposing plaintiffs' summary judgment motion, Habitat Alliance further argues that plaintiffs are not entitled to pursue a fraudulent-conveyance claim because they did not plead it in their complaint and that plaintiffs have not established the transfer of the mortgaged property was a fraudulent conveyance in any event. Def.'s Mem. of Law in Opp'n to Pls.' MSJ ("Def.'s Opp'n") 6–9 (Dkt. #39). Habitat Alliance further argues that it is not personally liable for any obligations as to which the mortgage was intended as security. *Id.* 9–10.

**STANDARD OF REVIEW**

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," and a factual dispute is material if it "might affect the outcome of the suit under the governing law." *Frost v. N.Y.C. Police Dep't*, 980 F.3d 231, 242 (2d Cir. 2020) (quoting *SCR Joint Venture L.P. v. Warshawsky*, 559 F.3d 133, 137 (2d Cir. 2009)). In determining whether there is a genuine issue of material fact, a court evaluates the whole record, resolving all ambiguities and drawing all permissible factual inferences in favor of the non-movant. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986).

Federal Rule of Civil Procedure 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." After a certificate of default is issued, the moving party must obtain entry of a default judgment. *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011). "[A] party's default is deemed to constitute a concession of all well pleaded allegations of liability, [but] it is not considered an admission of damages." *Bricklayers & Allied Craftworkers Loc. 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Constr., LLC*, 779 F.3d 182, 189 (2d Cir. 2015) (citation omitted). Accordingly, a district court must "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Credit Lyonnais Sec., Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999). "Where, on a damages inquest, a plaintiff fails to demonstrate its damages to a reasonable certainty, the court should decline to award any damages even though liability has been established through default." *Lenard v. Design Studio*, 889 F. Supp. 2d 518, 527 (S.D.N.Y. 2012).

## DISCUSSION

Plaintiffs are entitled to summary judgment on their foreclosure claim because Habitat Alliance's interest in the property—regardless of whether it is valid—does not affect plaintiffs' ability to foreclose and because plaintiffs have made out a *prima facie* case for foreclosure. Because plaintiffs seek default judgment against Mr. Benjamin, Zoya AB Management, and Fubu Mobile only in the alternative to summary judgment, the Court denies the motion for default judgment without prejudice.

### I. The Transfer to Habitat Alliance Does Not Affect Plaintiffs' Ability to Foreclose on the Mortgaged Property.

New York law provides that a conveyance of real property is subject to a preexisting mortgage if the transferee had notice of the existence of that mortgage. *See* N.Y. REAL PROP. § 291 (recording statute); *see also 80P2L LLC v. U.S. Bank Tr.*, 150 N.Y.S.3d 23, 24 (App. Div. 2021) (holding that, under New York's recording statute, the interest of a subsequent purchaser with notice is subject to the mortgage). New York law further provides that transferees have "constructive notice" of recorded mortgages. *Andy Assocs., Inc. v. Bankers Tr. Co.*, 399 N.E.2d 1160, 1163–64 (N.Y. 1979). If a transferee's interest is subject to a mortgage, that interest is subordinate to the mortgage and cannot prevent the mortgagee from foreclosing on the mortgaged property. *See ibid.* (holding that a defendant with "constructive notice" of a recorded mortgage could not defeat the mortgage holder's "right of priority" and ability to foreclose on the mortgage).

Because plaintiffs recorded their mortgage of Zoya AB Management's property, *see* Mortg. Agreement, Habitat Alliance had constructive notice of the mortgage and therefore acquired any interest in the property subject to plaintiffs' mortgage. As a result, even if Habitat Alliance's interest in the property is valid—and not the product of a fraudulent conveyance—that interest is subject to the mortgage. *See Andy Assocs.*, 399 N.E.2d at 1163–64. If, then, plaintiffs demonstrate

their right to foreclose on the mortgage, any interest Habitat Alliance may have in the property will not prevent them from doing so. Consequently, the Court need not address plaintiffs' argument that the conveyance to Habitat Alliance was fraudulent.

**II. Plaintiffs Have Established Their Right to Foreclose on the Mortgage.**

Under New York law, mortgagees establish a *prima facie* case for foreclosure if they prove "the existence of an obligation secured by a mortgage" and "a default on that obligation by the debtor." *Gustavia Home, LLC v. Hoyer*, 362 F. Supp. 3d 71, 79 (E.D.N.Y. 2019) (quoting *United States v. Paugh*, 332 F. Supp. 2d 679, 680 (S.D.N.Y. 2004)); *see R.B. Ventures, Ltd. v. Shane*, 112 F.3d 54, 59 n.2 (2d Cir. 1997). Additionally, where notice is required by statute or the mortgage agreement, the mortgagee must show that it has provided such notice. *See* REAL PROP. ACTS. § 1304 (requiring ninety days' notice for mortgages securing home loans); *Wells Fargo Bank Nat'l Ass'n v. 366 Realty LLC*, No. 17-CV-3570 (SJ) (RER), 2021 WL 9494173, at *4 & n.6 (E.D.N.Y. Mar. 16, 2021) (explaining that, for mortgages securing other types of loans, notice is not required unless provided for in the mortgage agreement). Once the mortgage holder establishes a *prima facie* case, the mortgagor can defeat foreclosure only through "an affirmative showing" that a defense to the action exists. *Gustavia Home*, 362 F. Supp. 3d at 80 (quoting *Builders Bank v. Charm Devs. II, LLC*, No. 09-CV-3935 (JG) (LB), 2010 WL 3463142, at *2 (E.D.N.Y. Aug. 30, 2010)).

To start, there is no genuine dispute as to the existence of an obligation secured by a mortgage. Habitat Alliance disputes the existence of a valid obligation because plaintiffs and Zoya AB Management did not execute a separate promissory note in the amount of $450,000 before executing the May 2018 mortgage agreement. *See* Def.'s MSJ 4. But that argument is without merit. Under New York law, the mortgage agreement itself can provide sufficient evidence of the

underlying obligation. Specifically, New York law provides that when a mortgage contains a covenant "that the mortgagor will pay the indebtedness, as hereinbefore provided," that covenant "must be construed as meaning that the mortgagor . . . agree[s] to pay to the mortgagee . . . the principal sum of money secured by said mortgage." N.Y. REAL PROP. § 254(3); *see Neidich v. Petilli*, 420 N.Y.S.2d 301, 303 (App. Div. 1979) (holding that, under Section 254, a covenant to pay indebtedness "will personally obligate the mortgagor, even in the absence of a bond"). The recorded mortgage agreement between plaintiffs and Zoya AB Management contains such a covenant. *See* Mortg. Agreement. The mortgage agreement itself therefore establishes the existence of a $450,000 obligation secured by a mortgage.

There is also no genuine dispute as to whether Zoya AB Management defaulted on its obligation. At the summary judgment stage, a plaintiff may establish default "in the form of an affidavit of a person with knowledge." *Gustavia*, 362 F. Supp. 3d at 79 (quoting *Fortress Credit Corp. v. Alarm One, Inc.*, 511 F. Supp. 2d 367, 371 (S.D.N.Y. 2007)). Here, plaintiffs have submitted an affidavit from George Yusubov, the father of plaintiff Shirin Yusubov and the husband of plaintiff Mazantu Peysakhova. Aff. of George Yusubov ¶ 1. Mr. Yusubov was primarily responsible for executing the mortgage agreement and collecting on the underlying obligation. *See* Dep. Tr. of George Yusubov 56:16–57:02 (Dkt. #35-13). Mr. Yusubov's affidavit states that, due to his "participation in the transactions related to this matter," he is "fully familiar with the facts," Aff. of George Yusubov ¶ 1, and that "Zoya has failed to comply with the terms of the Mortgage by failing to make the monthly payments due on the ninth (9th) day of each month," *id.* ¶ 11. Moreover, Habitat Alliance has submitted an affidavit from Mr. Benjamin admitting that Zoya AB Management, Fubu Mobile, and Mr. Benjamin stopped making payments

to plaintiffs. Aff. of Albert Benjamin 19 (ECF Pagination) (Dkt. # 35-12). Plaintiffs have therefore established default.

Nor were plaintiffs required by either statute or the mortgage agreement to provide notice before initiating a foreclosure action. Though New York law requires at least ninety days' notice before a mortgagee can foreclose on a mortgage securing a "home loan," there is no such statutory requirement for other types of mortgages. *See* REAL PROP. ACTS. § 1304(1); *Wells Fargo*, 2021 WL 9494173, at *4 & n.6. To qualify as a "home loan" subject to the ninety days' notice requirement, the borrower must be a "natural person." REAL PROP. ACTS. § 1304(6)(a)(1)(i). Because the borrower here is Zoya AB Management, a corporation, *see* Mortg. Agreement, the statutory notice requirement does not apply. Further, the mortgage agreement does not contain its own notice requirement. *See ibid.* Accordingly, plaintiffs have established a *prima facie* case for foreclosure.

Finally, Habitat Alliance has failed to put forward evidence supporting a valid affirmative defense. Habitat Alliance has not advanced any affirmative defenses in opposing summary judgment other than its challenge to the validity of the obligation underlying the mortgage, which is insufficient for the reasons explained above. Habitat Alliance has therefore abandoned any other defenses. *See, e.g.*, *Jackson v. Fed. Exp.*, 766 F.3d 189, 198 (2d Cir. 2014) (stating that "a court may . . . infer from a [counseled] party's partial opposition" to summary judgment "that relevant . . . defenses that are not defended have been abandoned"); *Malik v. City of New York*, 841 F. App'x 281, 284 (2d Cir. Jan. 11, 2021) (same). Plaintiffs are accordingly entitled to foreclose on their mortgage as a matter of law.

Because plaintiffs are entitled to foreclose on their mortgage, plaintiffs' motion for a default judgment against Mr. Benjamin, Zoya AB Management, and Fubu Mobile in the alternative is denied without prejudice.

**CONCLUSION**

Plaintiffs' motion for summary judgment on their foreclosure claim is granted, while Habitat Alliance's cross-motion for summary judgment on that claim is denied. Within thirty days, plaintiffs are directed to submit a proposed judgment of foreclosure providing for a sale of the property consistent with this memorandum and order. Plaintiffs' motion for a default judgment against defendants Zoya AB Management, Fubu Mobile, and Mr. Benjamin is denied without prejudice to refiling.

SO ORDERED.

*/s/ Rachel Kovner*
RACHEL P. KOVNER
United States District Judge

Dated: September 28, 2023
Brooklyn, New York